IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLES E. PENN, :
:
    Plaintiff, :
:
vs. :
: CIVIL ACTION 13-0082-M
CAROLYN W. COLVIN, :
Commission of Social Security, :
:
    Defendant. :

AMENDED MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits (Docs. 1, 14). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 23). Oral argument was waived in this action (Doc. 22). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and **REMANDED** to the Social Security Administration for further action not inconsistent with the Orders of the Court.

1

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was sixty-two years old, had completed a high school education[1] (Tr. 41), and had previous work experience as a security guard, general laborer, and a maintenance repairer (Tr. 55).  In claiming benefits, Plaintiff alleges disability due to degenerative changes of the knees and hypertension (Doc. 14 Fact Sheet).

The Plaintiff filed an application for disability benefits on January 25, 2010 (Tr. 109-12; *see also* Tr. 26).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Penn was capable of performing his

---

[1] **Error! Main Document Only.**Plaintiff testified that he had received a Graduate Equivalency Degree (Tr. 41).

past relevant work as a security guard (Tr. 26-33). Plaintiff requested review of the hearing decision (Tr. 21-22) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Penn alleges that: (1) The ALJ erred in finding that although he could only work for six hours of an eight-hour day, he was nonetheless not disabled; (2) the ALJ's residual functional capacity assessment is unsupported by the evidence; and (3) the ALJ improperly rejected the conclusions of his treating physician (Doc. 14). Defendant has responded to—and denies—these claims (Doc. 18).

Penn's first claim is that the ALJ erred in finding that although he could only work for six hours of an eight-hour day, he was nonetheless not disabled (Doc. 14). This claim is based on the following language in the ALJ's decision:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b). The claimant is limited to lifting and carrying 20 pounds occasionally and 10 pounds frequently. **He can sit, stand and/or walk, with normal breaks for a total of 6-hours during an 8-hour workday.** He should not perform pushing or pulling of leg controls. He should never climb ladders, ropes, or scaffolds. He can only occasionally climb ramps/stairs, crouch, kneel or crawl. Due to potential medication side effects and hypertension, the claimant

3

> should not work at unprotected heights. Due
> to effects and hypertension, the claimant
> should not work at unprotected heights. Due
> to pain, potential medicinal side effects,
> and other factors, the claimant could be
> expected to have some mild to moderate
> impairment in terms of concentration,
> persistence and pace, which could cause him
> to be off task for a non-productive pace for
> up to 5% of the workday.

(Tr. 29) (emphasis added).

Social security regulations state that "[o]rdinarily, [residual functional capacity] is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, *Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims,* 1996 WL 374184, *1 at ¶ 1.

The ALJ's RFC finding clearly states that Penn "can sit, stand and/or walk, with normal breaks, for a total of 6-hours during an 8-hour day" (Tr. 29). This is less than full-time employment and does not satisfy the requirements of SSR 96-8p.

The Commissioner "acknowledge[s] that the ALJ failed to specify that Plaintiff could both sit for six hours *and* stand and/or walk for six hours in an eight-hour workday" (Doc. 18, p. 6). However, the Government argues that this language is merely a scrivener's error as "the ALJ did not intend to limit

4

Plaintiff to part-time work" (Doc. 18, p. 6). Defendant goes on to argue that this action should not be remanded in light of the millions of claims handled annually by the Social Security Administration.

The Government may, in fact, be correct in arguing that this may be an error on the ALJ's part. The Court notes, however, that Penn raised this claim in a brief to the Appeals Council (Tr. 157; *see generally* Tr. 156-58). The Appeals Council found no basis for changing the ALJ's decision while acknowledging that it was aware of Plaintiff's claim (Tr. 1-5).

This Court is charged with reviewing the ALJ's decision and determining whether that decision, as rendered, is supported by the substantial evidence of record. The Court cannot say that that the ALJ's decision that Penn can return to his past relevant work as a security guard is supported by the evidence of record if he can only work six hours per day.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence. Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence of what work Plaintiff can perform. Judgment will be entered by separate Order.

DONE this 19th day of November, 2013.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE