IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION


CHARLES E. PENN,                          :
                                          :
      Plaintiff,                          :
                                          :
vs.                                       :        CIVIL ACTION 13-0082-M
                                          :
CAROLYN W. COLVIN,                        :
Commission of Social Security,            :
                                          :
      Defendant.                          :


MEMORANDUM OPINION AND ORDER


Pending before the Court is Plaintiff's Attorney's
Application for Attorney Fees Under the Equal Access to Justice
Act (hereinafter *EAJA*), with supporting Documentation (Doc. 27),
and Defendant's Response (Doc. 28).  After consideration of the
pertinent pleadings, it is **ORDERED** that the Motion be **GRANTED**
and that Plaintiff be **AWARDED** an EAJA attorney's fee in the
amount of $3,807.46.

Plaintiff filed this action on January 21, 2013 (Doc. 1).
On November 19, 2013, the undersigned Judge[1] entered a Memorandum
Opinion and Order, reversing the decision of the Commissioner,

_____

[1]In spite of Penn's assertion that the Order and Judgment were
authored by Magistrate Judge Sonja Bivens (Doc. 27, p. 2), the
undersigned Judge entered the Order and Judgment (*see* Docs. 25-26).

and remanding this action for further proceedings (Doc. 25).

Judgment was entered in favor of Plaintiff and against Defendant

(Doc. 26).

On January 22, 2014, Byron A. Lassiter, counsel for

Plaintiff, filed an Application for Attorney Fees Under the

EAJA, in which he requests a fee of $3,807.46, computed at an

hourly rate of $186.64 for 20.40 hours spent in this Court (Doc.

27). Defendant, in her Response filed on February 5, 2014,

poses no objection at all to the requested fee (Doc. 28).

The EAJA requires a court to

> award to a prevailing party . . . fees and
> other expenses . . . incurred by that party
> in any civil action . . . including
> proceedings for judicial review of Agency
> action, brought by or against the United
> States . . . unless the court finds that the
> position of the United States was
> substantially justified or that special
> circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA further requires that a

prevailing party file an application for attorney's fees within

thirty days of final judgment in the action. 28 U.S.C. §

2412(d)(1)(B). The court's judgment is final sixty days after

it is entered, which is the time in which an appeal may be taken

pursuant to Rule 4(a) of the Federal Rules of Appellate

Procedure.  *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

As set out above, there are three statutory conditions that must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412.  *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).  First, the claimant must file an application for fees within the thirty-day period.  Second, the claimant must be a prevailing party.  Third, the Government's position must not be substantially justified.

Defendant apparently concedes all three of these statutory conditions as no objection otherwise has been made (*see* Doc. 28).  In any event, the Court finds that the three *Myers* conditions have been met.

Having reached that decision, the Court will now discuss the fee to be awarded in this action.  The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute.  The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *Watford v. Heckler*, 765 F.2d 1562, 1586 (11th Cir. 1985 (EAJA) (*quoting Hensley v. Eckerhartt*, 461 U.S. 424, 433 (1983) (§ 1988)).  In describing this lodestar method of calculation, the United States Supreme Court stated:

3

This calculation provides an objective basis
on which to make an initial estimate of the
value of a lawyer's services.  The party
seeking an award of fees should submit
evidence supporting the hours worked and the
rates claimed.  Where the documentation of
hours is inadequate, the district court may
reduce the award accordingly.  The district
court also should exclude from this initial
fee calculation hours that were not
"reasonably expended." . . . Cases may be
overstaffed, and the skill and experience of
lawyers vary widely.  Counsel for the
prevailing party should make a good-faith
effort to exclude from a fee request hours
that are excessive, redundant, or otherwise
unnecessary, just as a lawyer in private
practice ethically is obligated to exclude
such hours from his fee submission.  In the
private sector, 'billing judgment' is an
important component in fee setting.  It is
no less important here.  Hours that are not
properly billed to one's client also are not
properly billed to one's adversary pursuant
to statutory authority.

*Hensley*, 461 U.S. at 434 (citations omitted).  Counsel must use

professional judgment in billing under EAJA.  A lawyer should

only be compensated for hours spent on activities for which he

would bill a client of means who was seriously intent on

vindicating similar rights.  *Norman v. Housing Authority*, 836

F.2d 1292, 1301 (11th Cir. 1988).

    The Court, after examination of Plaintiff's attorneys'

Application and supporting documentation, finds that Plaintiff's

counsel's time expended in prosecuting this action for a total
of 20.40 hours is reasonable.

With respect to a determination of the hourly rate to apply
in a given EAJA case, the express language of the Act provides
in pertinent part as follows:

> The amount of fees awarded under this
> subsection shall be based upon prevailing
> market rates for the kind and quality of the
> services furnished, except that . . .
> attorney fees shall not be awarded in excess
> of $125 per hour unless the court determines
> that an increase in the cost of living or a
> special factor, such as the limited
> availability of qualified attorneys for the
> proceedings involved, justified a higher
> fee.

28 U.S.C. § 2412(d)(2)(A) (Supp. 1997).

In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the
Eleventh Circuit determined that the EAJA establishes a two-step
analysis for determining the appropriate hourly rate to be
applied in calculating attorney's fees under the Act:

> The first step in the analysis, . . . is to
> determine the market rate for "similar
> services [provided] by lawyers of reasonably
> comparable skills, experience, and
> reputation." . . . The second step, which is
> needed only if the market rate is greater
> than $75 per hour, is to determine whether
> the court should adjust the hourly fee
> upward . . . to take into account an

> increase in the cost of living, or a special
> factor.

*Meyer*, 958 F.2d at 1033-34 (citations and footnote omitted).[2]
The applicant bears the burden of producing satisfactory
evidence that the requested rate is in line with prevailing
market rates. *NAACP V. City of Evergreen*, 812 F.2d 1332, 1338
(11th Cir. 1987). Satisfactory evidence at a minimum is more
than the affidavit of the attorney performing the work. *Blum v.
Stenson*, 465 U.S. 886, 895 n.11 (1984). Where the fees or time
claimed seem expanded or there is lack of documentation or
testimony in support, the court may make an award on its own
experience. *Norman v. City of Montgomery*, 836 F.2d 1292, 1303
(11th Cir. 1988). Where the documentation is inadequate, the
court is not relieved of its obligation to award a reasonable
fee, but the court traditionally has had the power to make such
an award without the need of further pleadings or an evidentiary
hearing. *Id.*

Since 2001, the prevailing market rate in the Southern
District of Alabama has been $125.00 per hour. *See, e.g.*, *Smith
v. Massanari*, Civil Action 00-0812-P-M (S.D. Ala. October 25,
2001); and *Square v. Halter*, Civil Action 00-0516-BH-L (S.D.

---

[2]Subsequent to *Meyer*, the cap was raised from $75.00 per hour to

Ala. April 12, 2001).  However, in 2007, in an action before

Judge Cassady, a formula was approved and used to adjust the

prevailing market hourly rate to account for the ever-increasing

cost of living.  *Lucy v. Barnhart*, Civil Action 06-0147-C (S.D.

Ala. July 5, 2007 (Doc. 32)).  As set out in *Lucy*, the formula

to be used in calculating all future awards of attorney's fees

under the EAJA is:  "'($125/hour) x (CPI-U Annual Average "All

Items Index," South Urban, for month and year of temporal

midpoint[3])/152.4, where 152.4 equals the CPI-U of March 1996, the

month and year in which the $125 cap was enacted.'"  (*Lucy*, Doc.

32, at p. 11) (*quoting Lucy*, Doc. 31, at p. 2).  The undersigned

also adopts this formula in EAJA fee petition actions for use in

arriving at the appropriate hourly rate.

The temporal midpoint in this action was July 6, 2013, the

complaint having been filed on February 21, 2013 (Doc. 1), and

the Court having entered its Memorandum Opinion and Order and

Judgment on November 19, 2013 (Docs. 25-26).  The CPI-U for July

2013 was 227.548.  Plugging the relevant numbers into the

---

$125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A).
    [3]"The appropriate endpoint for computing the cost of living
adjustment is the temporal midpoint of the period during which the
compensable services were rendered[;] . . . [t]he temporal midpoint is
calculated by computing the number of days from the date the claim
was prepared until the date of the Magistrate or District Judge's
Order and Judgment."  *Lucy v. Barnhart*.  Civil Action 06-0147-C (S.D.
Ala. Doc. 31, at p. 3).

foregoing formula renders the following equation: $125.00 x
227.548/152.4. Completion of this equation renders an hourly
rate of $186.64. This hourly rate for 20.40 hours equals
$3,807.46.

The Court notes that, in the Application for Attorney's
Fees, counsel for Plaintiff requests that any award of
attorney's fees be paid to Plaintiff's attorney on Plaintiff's
behalf (Doc. 27). The Government argues that payment should
only go to the Plaintiff if Penn "does not owe a debt that is
subject to offset under the Treasury Offset Program" (Doc. 28,
p. 2).

As noted earlier, EAJA allows a Court to make an "*award to
a prevailing party*." 28 U.S.C. § 2412(d)(1)(A). In *Panola Land
Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988), the
Eleventh Circuit Court of Appeals stated that "[i]t is readily
apparent that the party eligible to recover attorneys' fees
under the EAJA as part of its litigation expenses is the
prevailing party." *See also Reeves v. Astrue*, 526 F.3d 732, 738
(11th Cir.), *cert. denied*, 555 U.S. 1072 (2008) ("We conclude the
EAJA means what it says: attorney's fees are awarded to the
'prevailing party,' not to the prevailing party's attorney").
The United States Supreme Court, in the unanimous decision of

*Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), held "that a §
2412(d) fees award is payable to the litigant and is therefore
subject to a Government offset to satisfy a pre-existing debt
that the litigant owes the United States," removing any doubt as
to whom the award should be paid.

In this action, the Court finds that the award should be
paid to Plaintiff Charles E. Penn and not to his attorney.  The
payment, however, may be delivered to Plaintiff's attorney on
Penn's behalf.

In conclusion, it is **ORDERED** that Plaintiff's Application
be **GRANTED** as set out above and that Plaintiff be **AWARDED** an
EAJA attorney's fee in the amount of $3,807.46.

DONE this 14th day of February, 2014.


                            s/BERT W. MILLING, JR.
                            UNITED STATES MAGISTRATE JUDGE